```
                                    FILED
                          CLERK, U.S. DISTRICT COURT

                           12/6/2022

                          CENTRAL DISTRICT OF CALIFORNIA
                          BY: ____EC____ DEPUTY
```

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

October 2022 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR  2:22-cr-00571-CJC |
| Plaintiff, | I N D I C T M E N T |
| v. | [21 U.S.C. § 846: Conspiracy to Possess with Intent to Distribute and to Distribute Methamphetamine; 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii), (b)(1)(B)(viii): Distribution and Possession with Intent to Distribute Methamphetamine; 18 U.S.C. § 922(g)(1): Felon in Possession of Firearms and Ammunition; 18 U.S.C. § 922(a)(1)(A): Engaging in the Business of Dealing in Firearms Without a License; 21 U.S.C. § 853, 18 U.S.C. § 981(a)(1)(C), and 28 U.S.C. § 2461(c): Criminal Forfeiture] |
| KEVIN OBANDO,<br>  aka "Gordo,"<br>DAVID VALDEZ,<br>  aka "Dopey,"<br>ADILVER GARCIA,<br>  aka "Smiley," and<br>MELVIN BOLANOS,<br>  aka "Ese," | |
| Defendants. | |

The Grand Jury charges:

//

//

//

1  COUNT ONE

2  [21 U.S.C. § 846]

3  [DEFENDANTS OBANDO, VALDEZ, AND GARCIA]

4  A.  OBJECTS OF THE CONSPIRACY

5  Beginning on a date unknown to the Grand Jury, and continuing to

6  on or about August 28, 2020, in Los Angeles County, within the

7  Central District of California, and elsewhere, defendants KEVIN

8  OBANDO, also known as ("aka") "Gordo," DAVID VALDEZ, aka "Dopey," and

9  ADILVER GARCIA, aka "Smiley," and others known and unknown to the

10  Grand Jury, conspired with each other to knowingly and intentionally

11  possess with intent to distribute, and distribute, at least 50 grams

12  of methamphetamine, a Schedule II controlled substance, in violation

13  of Title 21, United States Code, Sections 841(a)(1), (b)(1)(A)(viii).

14  B.  MEANS BY WHICH THE OBJECTS OF THE CONSPIRACY WERE TO BE

15  ACCOMPLISHED

16  The objects of the conspiracy were to be accomplished, in

17  substance, as follows:

18  1.  Co-conspirator A would obtain large quantities of

19  methamphetamine for redistribution.

20  2.  Co-conspirator A would provide large quantities of

21  methamphetamine to defendants OBANDO, VALDEZ, and GARCIA, who would

22  further distribute that methamphetamine to customers in exchange for

23  payment.

24  3.  Defendants OBANDO, VALDEZ, and GARCIA would obtain and

25  possess firearms in order to protect the large quantities of

26  methamphetamine in their possession from other drug suppliers.

27

28

2

4.    Defendants OBANDO, VALDEZ, and GARCIA would sell firearms to drug customers to induce those drug customers to buy more drugs and guns from them in the future.

C.    OVERT ACTS

On or about the following dates, in furtherance of the conspiracy, and to accomplish the objects of the conspiracy, defendants OBANDO, VALDEZ, and GARCIA, and others known and unknown to the Grand Jury, committed various overt acts, within the Central District of California, and elsewhere, including, but not limited to, the following:

Overt Act No. 1:    On January 15, 2020, in the area of 8th Street and Normandie Avenue in Los Angeles, California, defendant VALDEZ sold approximately 10.93 grams of methamphetamine to a Confidential Source working with law enforcement ("the Confidential Source") in exchange for $150.

Overt Act No. 2:    On January 21, 2020, in Los Angeles, California, defendant VALDEZ arranged for the sale of half an ounce of methamphetamine to the Confidential Source for $160.

Overt Act No. 3:    On January 21, 2020, in the area of 8th Street and Normandie Avenue in Los Angeles, California, defendant VALDEZ sold approximately 13.46 grams of methamphetamine to the Confidential Source for $160.

Overt Act No. 4:    On April 13, 2020, in Los Angeles, California, defendant VALDEZ arranged for the sale of half an ounce of methamphetamine to the Confidential Source for $150.

Overt Act No. 5:    On April 14, 2020, in the area of Olympic Boulevard and Hoover Street in Los Angeles, California, defendant

VALDEZ sold approximately 12.67 grams of methamphetamine to the Confidential Source for $150.

Overt Act No. 6:   On April 16, 2020, in Los Angeles, California, defendant VALDEZ arranged for the sale of one ounce of methamphetamine to the Confidential Source for $300.

Overt Act No. 7:   On April 16, 2020, in the area of Olympic Boulevard and Hoover Street in Los Angeles, California, defendants OBANDO and GARCIA sold approximately 27.2 grams of methamphetamine to the Confidential Source for $300.

Overt Act No. 8:   On April 30, 2020, in Los Angeles, California, defendant OBANDO arranged for the sale of half an ounce of methamphetamine to the Confidential Source for $160.

Overt Act No. 9:   On April 30, 2020, in the area of Olympic Boulevard and Hoover Street in Los Angeles, California, defendant OBANDO sold approximately 14.1 grams of methamphetamine to the Confidential Source for $160.

Overt Act No. 10:   On April 30, 2020, defendant OBANDO arranged for the sale of a Century Arms 7.62x39mm caliber rifle and three boxes of .223 ammunition to the Confidential Source.

Overt Act No. 11:   On April 30, 2020, in the area of 6th Street and South Rampart Boulevard in Los Angeles, California, defendant OBANDO sold a Century Arms 7.62x39mm caliber rifle and three boxes of .223 ammunition to the Confidential Source in exchange for $960.

Overt Act No. 12:   On May 6, 2020, in Los Angeles, California, defendant OBANDO arranged for the sale of one ounce of methamphetamine to the Confidential Source for $320.

Overt Act No. 13:   On May 6, 2020, in the area of Olympic Boulevard and Hoover Street in Los Angeles, California, defendant

OBANDO sold approximately 26.8 grams of methamphetamine to the Confidential Source for $320.

Overt Act No. 14:   On or before May 11, 2020, in Los Angeles, California, defendant OBANDO arranged for the sale of one ounce of methamphetamine to the Confidential Source for $320.

Overt Act No. 15:   On May 11, 2020, in the area of Olympic Boulevard and Hoover Street in Los Angeles, California, defendant OBANDO sold approximately 25.8 grams of methamphetamine to the Confidential Source for $360.

Overt Act No. 16:   On or before May 27, 2020, in Los Angeles, California, defendant VALDEZ arranged for the sale of an ounce and a half of methamphetamine to the Confidential Source for $525; defendant VALDEZ also agreed to try to obtain a handgun to sell to the Confidential Source.

Overt Act No. 17:   On May 27, 2020, in the area of Olympic Boulevard and Vermont Avenue in Los Angeles, California, defendant VALDEZ sold approximately 17.5 grams of methamphetamine to the Confidential Source for $540.

Overt Act No. 18:   On May 27, 2020, in Los Angeles, California, defendant VALDEZ arranged for the sale of a .22 caliber handgun and half an ounce of methamphetamine to the Confidential Source for $600 and $160, respectively.

Overt Act No. 19:   On May 27, 2020, in the area of Vermont Avenue and Francis Avenue in Los Angeles, California, defendant VALDEZ sold a .22 caliber handgun and approximately 10.4 grams of methamphetamine to the Confidential Source for $760.

Overt Act No. 20:   On or before June 3, 2020, defendant OBANDO agreed to sell a handgun to the Confidential Source for $700.

Overt Act No. 21:   On June 3, 2020, in the area of Olympic Boulevard and Hoover Street in Los Angeles, California, defendants OBANDO and GARCIA sold a Smith & Wesson .38 caliber revolver to the Confidential Source for $700.

Overt Act No. 22:   Beginning on June 5, 2020, and continuing through June 10, 2020, defendant VALDEZ arranged for the sale of one ounce of methamphetamine to the Confidential Source for $400.

Overt Act No. 23:   On June 10, 2020, in the area of Vermont Avenue and Francis Avenue in Los Angeles, California, defendant VALDEZ sold approximately 23.7 grams of methamphetamine to the Confidential Source for $400.

Overt Act No. 24:   Beginning on June 5, 2020, and continuing through June 11, 2020, defendant OBANDO arranged for the sale of a rifle to the Confidential Source in exchange for $1,750.

Overt Act No. 25:   On June 12, 2020, in the area of 43rd Street and South Budlong Avenue in Los Angeles, California, defendant OBANDO sold an AR-15-type 5.56 caliber rifle to the Confidential Source for $1,750.

Overt Act No. 26:   On June 12, 2020, in Los Angeles, California, defendant OBANDO arranged for the sale of a shotgun and one ounce of methamphetamine to the Confidential Source for $650 and $400, respectively.

Overt Act No. 27:   On June 12, 2020, in the area of Olympic Boulevard and Hoover Street in Los Angeles, California, defendant OBANDO sold a shotgun and approximately 27.2 grams of methamphetamine to the Confidential Source for $1,050.

Overt Act No. 28:   On or before June 23, 2020, defendant OBANDO agreed to sell a rifle to the Confidential Source for $1,730.

6

1        <u>Overt Act No. 29:</u>   On June 23, 2020, in the area of 43rd Street
2    and South Budlong Avenue in Los Angeles, California, defendants
3    OBANDO and BOLANOS sold an AR-15-type 5.56 caliber rifle to the
4    Confidential Source for $1,730.

5        <u>Overt Act No. 30:</u>   On or before June 30, 2020, defendant OBANDO
6    agreed to sell a rifle to the Confidential Source for $1,750.

7        <u>Overt Act No. 31:</u>   On June 30, 2020, in the area of 43rd Street
8    and South Budlong Avenue in Los Angeles, California, defendants
9    OBANDO and BOLANOS sold an AR-15-type 5.56 caliber rifle to the
10   Confidential Source for $1,750.

11       <u>Overt Act No. 32:</u>   On or before July 9, 2020, defendant OBANDO
12   agreed to sell a shotgun to the Confidential Source for $700.

13       <u>Overt Act No. 33:</u>   On July 9, 2020, in the area of 6th Street
14   and Rampart Boulevard in Los Angeles, California, defendant OBANDO
15   sold a shotgun to the Confidential Source for $700.

16       <u>Overt Act No. 34:</u>   On August 11, 2020, in Los Angeles,
17   California, defendant OBANDO arranged for the sale of one ounce of
18   methamphetamine to the Confidential Source for $400.

19       <u>Overt Act No. 35:</u>   On August 11, 2020, in the area of 6th
20   Street and Rampart Boulevard in Los Angeles, California, defendants
21   OBANDO and GARCIA sold approximately 22.7 grams of methamphetamine to
22   the Confidential Source for $400.

23       <u>Overt Act No. 36:</u>   On August 27, 2020, in Los Angeles,
24   California, defendant OBANDO arranged for the sale of two ounces of
25   methamphetamine to the Confidential Source for $800.

26       <u>Overt Act No. 37:</u>   On August 27, 2020, in the area of 6th
27   Street and Rampart Boulevard in Los Angeles, California, defendant

28

OBANDO sold approximately 50 grams of methamphetamine to the Confidential Source for $800.

Overt Act No. 38:   On August 28, 2020, in an abandoned commercial space known as a "casita" in the area of 6th Street and Rampart Boulevard in Los Angeles, California, defendants OBANDO and GARCIA possessed with the intent to distribute approximately 194 grams of methamphetamine.

COUNT TWO

[21 U.S.C. §§ 841(a)(1), (b)(1)(B)(viii)]

[DEFENDANT VALDEZ]

On or about January 15, 2020, in Los Angeles County, within the Central District of California, defendant DAVID VALDEZ, also known as "Dopey," knowingly and intentionally distributed at least five grams, that is, approximately 10.93 grams, of methamphetamine, a Schedule II controlled substance.

COUNT THREE

[21 U.S.C. §§ 841(a)(1), (b)(1)(B)(viii)]

[DEFENDANT VALDEZ]

On or about January 21, 2020, in Los Angeles County, within the Central District of California, defendant DAVID VALDEZ, also known as "Dopey," knowingly and intentionally distributed at least five grams, that is, approximately 13.46 grams, of methamphetamine, a Schedule II controlled substance.

COUNT FOUR

[21 U.S.C. §§ 841(a)(1), (b)(1)(B)(viii)]

[DEFENDANT VALDEZ]

On or about April 14, 2020, in Los Angeles County, within the Central District of California, defendant DAVID VALDEZ, also known as "Dopey," knowingly and intentionally distributed at least five grams, that is, approximately 12.67 grams, of methamphetamine, a Schedule II controlled substance.

COUNT FIVE

[21 U.S.C. §§ 841(a)(1), (b)(1)(B)(viii); 18 U.S.C. § 2(a)]

[DEFENDANTS OBANDO, VALDEZ, AND GARCIA]

On or about April 16, 2020, in Los Angeles County, within the Central District of California, defendants KEVIN OBANDO, also known as ("aka") "Gordo," DAVID VALDEZ, aka "Dopey," and ADILVER GARCIA, aka "Smiley," each aiding and abetting the other, knowingly and intentionally distributed at least five grams, that is, approximately 27.2 grams, of methamphetamine, a Schedule II controlled substance.

COUNT SIX

[21 U.S.C. §§ 841(a)(1), (b)(1)(B)(viii)]

[DEFENDANT OBANDO]

On or about April 30, 2020, in Los Angeles County, within the Central District of California, defendant KEVIN OBANDO, also known as "Gordo," knowingly and intentionally distributed at least five grams, that is, approximately 14.1 grams, of methamphetamine, a Schedule II controlled substance.

COUNT SEVEN

[21 U.S.C. §§ 841(a)(1), (b)(1)(B)(viii)]

[DEFENDANT OBANDO]

On or about May 6, 2020, in Los Angeles County, within the Central District of California, defendant KEVIN OBANDO, also known as "Gordo," knowingly and intentionally distributed at least five grams, that is, approximately 26.8 grams, of methamphetamine, a Schedule II controlled substance.

COUNT EIGHT

[21 U.S.C. §§ 841(a)(1), (b)(1)(B)(viii)]

[DEFENDANT OBANDO]

On or about May 11, 2020, in Los Angeles County, within the Central District of California, defendant KEVIN OBANDO, also known as "Gordo," knowingly and intentionally distributed at least five grams, that is, approximately 25.8 grams, of methamphetamine, a Schedule II controlled substance.

COUNT NINE

[21 U.S.C. §§ 841(a)(1), (b)(1)(B)(viii)]

[DEFENDANT VALDEZ]

On or about May 27, 2020, in Los Angeles County, within the Central District of California, defendant DAVID VALDEZ, also known as "Dopey," knowingly and intentionally distributed at least five grams, that is, approximately 17.5 grams, of methamphetamine, a Schedule II controlled substance.

COUNT TEN

[21 U.S.C. §§ 841(a)(1), (b)(1)(B)(viii)]

[DEFENDANT VALDEZ]

On or about May 27, 2020, in Los Angeles County, within the Central District of California, defendant DAVID VALDEZ, also known as "Dopey," knowingly and intentionally distributed at least five grams, that is, approximately 10.4 grams, of methamphetamine, a Schedule II controlled substance.

COUNT ELEVEN

[21 U.S.C. §§ 841(a)(1), (b)(1)(B)(viii)]

[DEFENDANT VALDEZ]

On or about June 10, 2020, in Los Angeles County, within the Central District of California, defendant DAVID VALDEZ, also known as "Dopey," knowingly and intentionally distributed at least five grams, that is, approximately 23.7 grams, of methamphetamine, a Schedule II controlled substance.

COUNT TWELVE

[21 U.S.C. §§ 841(a)(1), (b)(1)(B)(viii)]

[DEFENDANT OBANDO]

On or about June 12, 2020, in Los Angeles County, within the Central District of California, defendant KEVIN OBANDO, also known as "Gordo," knowingly and intentionally distributed at least five grams, that is, approximately 27.2 grams, of methamphetamine, a Schedule II controlled substance.

COUNT THIRTEEN

[21 U.S.C. §§ 841(a)(1), (b)(1)(B)(viii); 18 U.S.C. § 2(a)]

[DEFENDANTS OBANDO AND GARCIA]

On or about August 11, 2020, in Los Angeles County, within the Central District of California, defendants KEVIN OBANDO, also known as ("aka") "Gordo," and ADILVER GARCIA, aka "Smiley," each aiding and abetting the other, knowingly and intentionally distributed at least five grams, that is, approximately 22.7 grams, of methamphetamine, a Schedule II controlled substance.

COUNT FOURTEEN

[21 U.S.C. §§ 841(a)(1), (b)(1)(B)(viii)]

[DEFENDANT OBANDO]

On or about August 27, 2020, in Los Angeles County, within the Central District of California, defendant KEVIN OBANDO, also known as "Gordo," knowingly and intentionally distributed at least five grams, that is, approximately 50 grams, of methamphetamine, a Schedule II controlled substance.

COUNT FIFTEEN

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii); 18 U.S.C. § 2(a)]

[DEFENDANTS OBANDO AND GARCIA]

On or about August 28, 2020, in Los Angeles County, within the Central District of California, defendants KEVIN OBANDO, also known as ("aka") "Gordo," and ADILVER GARCIA, aka "Smiley," each aiding and abetting the other, knowingly and intentionally possessed with intent to distribute at least 50 grams, that is, approximately 194 grams, of methamphetamine, a Schedule II controlled substance.

COUNT SIXTEEN

[18 U.S.C. § 922(g)(1)]

[DEFENDANT GARCIA]

On or about April 30, 2020, in Los Angeles County, within the Central District of California, and elsewhere, defendant ADILVER GARCIA, also known as "Smiley," knowingly possessed a firearm, namely, an AK-47-style Century Arms 7.62x39mm caliber rifle, bearing serial number AMD6503418, and ammunition, namely, 59 rounds of Precision Made Cartridges .223 REM caliber ammunition, in and affecting interstate and foreign commerce.

Defendant GARCIA possessed such firearm and ammunition knowing that he had been previously convicted of at least one of the following felony crimes, each punishable by a term of imprisonment exceeding one year:

(1)  Assault by Means Likely to Produce Great Bodily Injury, in violation of California Penal Code Section 245(a)(4), in the Superior Court of the State of California, County of Los Angeles, case number PA086168, on or about November 8, 2016; and

(2)  Second Degree Burglary, in violation of California Penal Code Section 459, in the Superior Court for the State of California, County of Los Angeles, case number BA438423, on or about January 4, 2017.

COUNT SEVENTEEN

[18 U.S.C. § 922(g)(1)]

[DEFENDANT VALDEZ]

On or about May 27, 2020, in Los Angeles County, within the Central District of California, and elsewhere, defendant DAVID VALDEZ, also known as "Dopey," knowingly possessed a firearm, namely, a Hi-Standard Model A .22 caliber semiautomatic pistol, bearing serial number 61045, in and affecting interstate and foreign commerce.

Defendant VALDEZ possessed such firearm knowing that he had been previously convicted of at least one of the following felony crimes, each punishable by a term of imprisonment exceeding one year:

(1)  Second Degree Burglary, in violation of California Penal Code Section 459, in the Superior Court of the State of California, County of Los Angeles, case number BA443188, on or about January 27, 2016; and

(2)  Assault by Means Likely to Produce Great Bodily Injury, in violation of California Penal Code Section 245(a)(4), in the Superior Court of the State of California, County of Los Angeles, case number BA455796, on or about May 5, 2017.

COUNT EIGHTEEN

[18 U.S.C. § 922(g)(1)]

[DEFENDANT GARCIA]

On or about June 3, 2020, in Los Angeles County, within the Central District of California, and elsewhere, defendant ADILVER GARCIA, also known as "Smiley," knowingly possessed a firearm, namely, a Smith & Wesson, Model 10-3, .38 caliber revolver, bearing serial number C571561, in and affecting interstate and foreign commerce.

Defendant GARCIA possessed such firearm knowing that he had been previously convicted of at least one of the following felony crimes, each punishable by a term of imprisonment exceeding one year:

(1)  Assault by Means Likely to Produce Great Bodily Injury, in violation of California Penal Code Section 245(a)(4), in the Superior Court of the State of California, County of Los Angeles, case number PA086168, on or about November 8, 2016; and

(2)  Second Degree Burglary, in violation of California Penal Code Section 459, in the Superior Court of the State of California, County of Los Angeles, case number BA438423, on or about January 4, 2017.

COUNT NINETEEN

[18 U.S.C. §§ 922(a)(1)(A), 2(a)]

[DEFENDANT OBANDO]

Beginning on or about April 30, 2020, and continuing through on or about July 9, 2020, in Los Angeles County, within the Central District of California, and elsewhere, defendant KEVIN OBANDO, also known as "Gordo," not being a licensed importer, manufacturer, or dealer of firearms, and others known and unknown to the Grand Jury, each aiding and abetting the others, knowingly and willfully engaged in the business of dealing in firearms, specifically, the sales of the following firearms, on or about the following dates:

| DATE | FIREARMS |
|------|----------|
| April 30, 2020 | an AK-47-style Century Arms 7.62x39mm caliber rifle, bearing serial number AMD6503418. |
| June 3, 2020 | a Smith & Wesson, Model 10-3, .38 caliber revolver, bearing serial number C571561. |
| June 11, 2020 | an AR-15 type 5.56 caliber rifle of unknown manufacture, bearing no make, model, or serial number (also known as a "ghost gun"). |
| June 12, 2020 | a Dickinson 12-gauge shotgun with an obliterated serial number. |
| June 23, 2020 | an AR-15 type 5.56 caliber assault pistol of unknown manufacture, bearing no make, model, or serial number (also known as a "ghost gun"). |
| June 30, 2020 | An AR-15 type 5.56 caliber assault pistol of unknown manufacture, bearing no make, model, or serial number (also known as a "ghost gun"). |
| July 9, 2020 | a Mossberg Model 500A 12-gauge shotgun, bearing serial number K102190. |

COUNT TWENTY

[18 U.S.C. §§ 922(a)(1)(A), 2(a)]

[DEFENDANT BOLANOS]

Beginning on or about June 11, 2020, and continuing through on or about June 30, 2020, in Los Angeles County, within the Central District of California, and elsewhere, defendant MELVIN BOLANOS, also known as "Ese," not being a licensed importer, manufacturer, or dealer of firearms, and others known and unknown to the Grand Jury, each aiding and abetting the others, knowingly and willfully engaged in the business of dealing in firearms, specifically, the sales of the following firearms, on or about the following dates:

| DATE | FIREARMS |
|---|---|
| June 11, 2020 | an AR-15 type 5.56 caliber rifle of unknown manufacture, bearing no make, model, or serial number (also known as a "ghost gun"). |
| June 23, 2020 | An AR-15 type 5.56 caliber assault pistol of unknown manufacture, bearing no make, model, or serial number (also known as a "ghost gun"). |
| June 30, 2020 | a 5.56 caliber assault pistol of unknown manufacture, bearing no make, model, or serial number (also known as a "ghost gun"). |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FORFEITURE ALLEGATION ONE

[21 U.S.C. § 853; 28 U.S.C. § 2461(c)]

1.     Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 21, United States Code, Section 853 and Title 28, United States Code, Section 2461(c), in the event of any defendant's conviction of the offenses set forth in Counts One through Fifteen of this Indictment.

2.     Any defendant so convicted shall forfeit to the United States of America the following:

(a)  All right, title and interest in any and all property, real or personal, constituting or derived from, any proceeds which the defendant obtained, directly or indirectly, from any such offense;

(b)  All right, title and interest in any and all property, real or personal, used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of any such offense;

(c)  To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a) and (b).

3.     Pursuant to Title 21, United States Code, Section 853(p), any defendant so convicted shall forfeit substitute property if, by any act or omission of said defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in

value; or (e) has been commingled with other property that cannot be divided without difficulty.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FORFEITURE ALLEGATION TWO

[18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c)]

1.    Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), in the event of any defendant's conviction of the offenses set forth in any of Counts One through Twenty of this Indictment.

2.    Any defendant so convicted shall forfeit to the United States of America the following:

a.    all right, title, and interest in any and all property, real or personal, constituting, or derived from, any proceeds traceable to any of the offenses; and

b.    To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3.    Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the convicted defendant shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of said defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been

///

30

substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

/S/
Foreperson

E. MARTIN ESTRADA
United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

JOANNA M. CURTIS
Assistant United States Attorney
Chief, Violent and Organized Crime
Section

JEFFREY M. CHEMERINSKY
Assistant United States Attorney
Deputy Chief, Violent and Organized
Crime Section

SHAWN T. ANDREWS
Assistant United States Attorney
Violent and Organized Crime Section